UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO. 5:05cr6-3-V

FILED
CHARLOTTE, N.C.
NOV 17 2005
U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| (3) RODNEY STURGILL, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the terms of the plea agreement between the United States of America and defendant, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 21 U.S.C. §853:

**The sum of $5,020 in United States currency, less any portion of these funds furnished by law enforcement officers as "buy money" prior to seizure; and,**

**One parcel of real property consisting of approximately 79.5 acres and located at 104 Jim Duval Road, Grassy Creek, North Carolina, Tax Parcel 06290-009, as more particularly described in a deed recorded at Deed Book 262, Page 1058, in the Ashe County Public Registry;**

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described property;

3. upon the entry of this order and judgment, the United States shall, to the extent practicable, provide direct written notice to any other persons known to have alleged an interest in the property, including, as to the subject real property, Charles V. Sturgill and Dorothy W. Sturgill, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. §853. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
WILLIAM A. BRAFFORD
Assistant United States Attorney

_____
RODNEY STURGILL
Defendant

_____
JAY VANNOY
Attorney for Defendant

Signed this the 7th day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2